**SO ORDERED.**

**SIGNED this 23 day of August, 2011.**

_____
**DIANE DAVIS**
**UNITED STATES BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK                    CHAPTER 13 PROCEEDING

In Re: **ROGER ROSS WILLIAMS,**                   **ORDER OF CONFIRMATION**

                Debtor(s).                                  Case No.    10-62149
_____

A Chapter 13 Plan having been served to scheduled creditors and after notice and a hearing that the debtor has complied with all documentation production and Court filing requirements under 11 U.S.C. §521, and it having been determined that the Plan meets the confirmation requirements of 11 U.S.C.§1325, it is accordingly,

**ORDERED, ADJUDGED and DECREED**,

**1.** That the Debtor(s) plan, and as further modified by this Order, is confirmed with payment to be made to Mark W. Swimelar, Trustee. The plan payments shall be due 30 days from the date of the first plan filed or the order for relief, whichever is earlier, in the proceeding. The following are terms of the confirmed plan:

   (a)  Filed Date of Plan:                    August 6, 2010

   (b)  Amount of Monthly Payments:      $250.00

   (c)  Term of Plan:                          60 months

   (d)  Due date of first payment:           September 6, 2010

   (e)  Additional Funding:                  Proceeds from debtor's most recent movie within 1 year from the date of this Order.

   (f)  Minimum amount to be paid in plan:  $15,000.00 plus movie proceeds.

   (g)  Stipulations:
        That the following stipulations are hereby incorporated herein:
           1.   **The debtor shall turn over to the Trustee any tax refund in excess of $1,500.00 during the life of the plan.**

**2.** **TREATMENT OF CREDITORS**

Creditors shall receive payments in the following sequence, unless ordered otherwise:

(a) **Attorney Fee's Granted:**   A total fee of $3,700.00 is hereby approved. The sum of $500.00 was paid direct by the debtor(s). The amount of **$3,200.00** shall be paid by the Trustee through the plan. Fees shall be paid at the rate of 50% of the receipts received into the plan until paid in full unless fixed payments to secured creditors affect this distribution.

| Creditor | Collateral | Amount | Interest | Monthly Pymt |
|---|---|---|---|---|

(b) **Administrative Claims:**   NONE

(c) **Secured Claims:** All secured creditors shall receive payments pro-rata or in monthly payments if indicated.

  1) **Claim paid in Full:** Creditor shall retain their lien(s) and shall be paid in accordance with a filed proof of claim.

   **Chase Home Fin. 1st Mtg.-667 Co. Hwy. Arr.  $126.63**

  2) **Modified Claims:** Creditor shall be paid the collateral value and rate of interest pursuant to 11 U.S.C.§ 506 as determined in the plan or agreement of parties or subsequent order of this Court. A filed claim seeking a lower secured claim amount, value or interest rate on its secured claim shall be deemed to be the creditor's consent to accept payment at the lower amount and/or rate unless Ordered otherwise.

   **NONE**

(d) **Priority Creditors:**   All allowed claims entitled to priority under 11 U.S.C.§507 shall be paid in full.

   **NYS Dept. of Tax & Finance        $21.36**
   **Internal Revenue Service          $7,764.56**

(e) **Co-Signed Unsecured:**   To be paid 100%

   **NONE**

(f) **Unsecured creditors:**   No less than 100%

(g) **Property surrendered:**   NONE

(h) **Paid from Sale:**   NONE

(i) **Direct payments:**   
   **Huntingdon Valley    2019 Creekside    $49,413.27-pd. by 3rd party**
   **Chase Home Fin. 1st Mtg.-667 Co. Hwy. 41 $240,044.31**
   **Chase Home Fin. 2nd Mtg.-667 Co. Hwy. 41 $138,351.00**
   **Wells Fargo Home    FHA Loan         $82,250.00-pd. by 3rd party**

3. Upon the Debtor(s) default of a direct payment due in the future on a secured claim, for a period of more

than 90 days from the due date on claims secured by realty or 60 days from the due date on claims secured by personal

property, the secured creditor may give notice of default to the Court, the debtor(s), the attorney for the debtor(s), U.S. Trustee

and Chapter 13 Trustee by regular mail, and if within 15 days after the mailing of said Notice of Default, the default is not cured

or resolved by written agreement or the debtor(s) fail to justify the continuation of the automatic stay on said claim by bringing an appropriate pleading; said secured creditor may submit an ex-parte order that the automatic stay shall be modified and the secured creditor shall be allowed to exercise the rights granted it by the security agreement relative to the property or collateral covered by said secured claim. It is further provided that any surplus monies realized by the sale of any property or collateral shall be made payable to the Trustee and the debtor(s) as co-payees.

4. During the term of the confirmed plan, debtor shall timely file all required federal and state tax returns and pay all applicable taxes when due.  Upon the debtor's default in the timely filing of required federal and/or state tax returns and/or in the payment of applicable federal and/or state taxes for any post-petition period, the appropriate taxing authority may give written notice specifying which tax returns have not been filed and/or which taxes have not been paid, to the Court, the debtor, the debtor's attorney and the Chapter 13 Standing Trustee by regular mail. If said default is not, within 180 days from the date said Notice is given, either cured, or settled by written agreement between the parties, or resolved by appropriate pleading submitted to the Court demonstrating the filing of said returns and/or payment of said tax, the Taxing Authority may submit an Ex-Parte Order dismissing this Chapter 13 without prejudice, and without further notice or hearing.

5. The debtor shall report to the Trustee, any receipt of entitlement to funds in excess of $2,500.00 during the term of the plan.

6. That if the Debtor(s) defaults on payments required by the plan, the Chapter 13 Trustee may submit and implement an ex parte order for payroll deduction payments without further notice to Debtor(s) or Debtor(s) attorney.

7. That the Trustee is ordered not to perform the duties specified in 11 U.S.C.§ 1302 (c) until further ordered from this Court.

8. That the debtor(s) are enjoined from incurring any debts in excess of $100.00 without prior approval of the Court, except such debts as may be necessary for emergency medical or hospital care.

9. That if said debtor is self-employed, the Debtor(s) shall perform the duties as specified in 11 U.S.C.§ 704(7) and file with the Court and Chapter 13 Trustee, each and every month, a report on the operation of debtor(s) business; 11 U.S.C.§1304.

10. That no property received by the Trustee for the purpose of distribution under their plan shall revest in the debtor until completion of the plan in accordance with this Order.

11. That all of the Debtor(s) wages and property of whatever nature and kind and wherever located shall remain under the exclusive jurisdiction of this Court.

HAVING HAD NO OPPOSITION, THE STANDING TRUSTEE APPROVES
THE PLAN AS SATISFYING REQUIREMENTS OF 11 U.S.C. § 1325(a).

Date:    July 29, 2011
Initials: *s/MWS*

###

4